21 F.3d 434
 305 U.S.App.D.C. 340
 In re Oliver L. NORTH, et al. (Emergency Motion of the
Society of Professional Journalists, et al., to
Unseal Counter-Motions
and
Motion of Former President Ronald W. Reagan for An Order
Unsealing Certain Documents Filed in Connection
With the Final Report of Iran-Contra
Independent Counsel Lawrence E. Walsh).
 Division No. 86-6.
 United States Court of Appeals,
District of Columbia Circuit.
 Feb. 1, 1994.
 
 Before: SENTELLE, Presiding, BUTZNER and SNEED, Senior Circuit Judges.
 Opinion for the court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 The Society of Professional Journalists and others filed an emergency motion requesting this court to unseal all sealed motions and related papers pertaining to the release of the Final Report of the Independent Counsel. The movants are two associations of journalists and a nonprofit foreign policy research institute. They rely on rights embodied in the First Amendment and the common law that accord the public and the press access to court proceedings. See, e.g., Press Enterprise Co. v. Superior Court, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Citing Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), they stress the importance of timely disclosure of information about judicial proceedings, and they ask for immediate release of the pleadings pertaining to the Report. See 427 U.S. at 561, 96 S.Ct. at 2803-04.
 
 
 2
 Former President Reagan has moved for immediate release of the pleadings that he filed and the related pleadings of the Independent Counsel. He seeks to correct misleading press reports about his pleadings, and he urges the court to grant the Journalists' motion.
 
 
 3
 We agree with the principles that undergird the motions of the Journalists and former President Reagan. Disclosure of all motions and submissions pertaining to the Report and its appendix is in the public interest. Nebraska Press, however, recognized that circumstances could justify a delay, but not suppression, of the release of information about judicial proceedings. 427 U.S. at 562, 96 S.Ct. at 2804.
 
 
 4
 The legislative history of the Ethics in Government Act states that the statute "seeks to preserve and promote public confidence in the integrity of the federal government." See S.Rep. No. 123, 100th Cong., 1st Sess. (1987) reprinted in 1987 U.S.C.C.A.N. 2150. Unsealing the motions and related papers in question furthers these ends. Moreover, the Act permits the court to release the Report with its appendix and other court documents. 28 U.S.C. Secs. 593(g) & 594(h)(2); see Morrison v. Olson, 487 U.S. 654, 680-81, 108 S.Ct. 2597, 2613-14, 101 L.Ed.2d 569 (1987).
 
 
 5
 Circumstances, timing, and--most importantly--the Ethics in Government Act have caused the court to defer the release of the documents that the movants seek. The primary consideration guiding the court has been the need to take appropriate measures to protect the rights of persons named in the Report. This is a mandate imposed by the Act: "The division of the court shall make such orders as are appropriate to protect the rights of any individual named in such report...." 28 U.S.C. Sec. 594(h)(2).
 
 
 6
 The Independent Counsel has complied with the Act's requirement that he file his Final Report with the court "setting forth fully and completely" a description of his work "including the disposition of all cases brought, and the reasons for not prosecuting any matter...." 28 U.S.C. Sec. 594(h)(1)(B).
 
 
 7
 The Act authorizes the court to afford persons named in the Report an opportunity to respond to it. Specifically, Sec. 594(h) empowers the court to make portions of the Report "available to any individual named in such report for the purposes of receiving within a time limit set by the division of the court any comments or factual information...." The court decided, in fairness to these named persons, to withhold the Report until they had opportunity to comment. Simultaneous disclosure of the Report and comments appeared to be the most feasible and fair way to present the views of the Independent Counsel and the persons named in the Report. This timing also allowed the court to consider any objections to the Report contained in the comments.
 
 
 8
 In accord with authority conferred by the Act, the court decided to release the comments for inclusion in an appendix to the Report. See Sec. 594(h)(2). To accommodate persons opposed to release of the Report, the court stayed the order of disclosure for ten days to afford them an opportunity to seek review in the Supreme Court.
 
 
 9
 When the motions concerning release were filed, there existed ample justification for receiving and keeping them under seal. The motions discussed either part or all of the Report, which had not yet been released. Clearly, the court's purpose, which was to ensure fairness to persons named in the Report, would have been compromised by disclosing motions that discussed the Report or portions of it before it was released.
 
 
 10
 Now that the Report and comments have been released, the constraints of confidentiality are no longer applicable. But one further consideration counsels a brief stay.
 
 
 11
 Persons filing motions and submissions may have expected that their documents would remain under seal indefinitely because they were required to keep references to the Report confidential. To the extent that the Ethics in Government Act requires the court to "make such orders as are appropriate to protect the rights of" any individual named in the Report, we must exercise caution before releasing all motions and related submissions that the movants reasonably believed would not be subject to disclosure. See 28 U.S.C. Sec. 594(h)(2). The requirement in Sec. 594(h)(2) that we protect the rights of individuals named in the report explicitly limits our authority to disclose court documents under Sec. 593(g) of the Act. For these reasons, we grant the movants the opportunity to withdraw their submissions within five (5) days after the entry of this order. Motions and submissions not withdrawn during this time will be disclosed. At the expiration of this five-day period the clerk is directed to disclose all motions, supporting memoranda, miscellaneous submissions, orders, and other papers that have been filed under seal. Also, upon application of a movant, the clerk may disclose the movant's motions and the Independent Counsel's responses immediately.